DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

SCOTT D. JOINER (CABN 223313)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Scott.Joiner@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 19-00493 SI |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | |
| BRANDON FRERE, | Date: July 24, 2020<br>Time: 11:00 AM<br>Court: Hon. Susan Illston |
| Defendant. | |

U.S. SENTENCING MEMORANDUM
CR 19-00493 SI

## I. INTRODUCTION

The defendant, Brandon Frere, stands before the Court to be sentenced following his guilty pleas to Counts One and Two of the captioned Information charging him with Wire Fraud in violation of 18 U.S.C. § 1343 (Count 1) and Money Laundering (Count 2).

The defendant pled guilty after entering into a plea agreement with the government, pursuant to Rule 11(c)(1)(C) and Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.  In the plea agreement, the government and the defendant agreed that a concurrent sentence of 42 months of imprisonment would be an appropriate sentence under the Sentencing Guidelines and 18 U.S.C. § 3553(a).  The government submits the following memorandum to advise the Court of its position with regard to the final presentence report ("PSR") and to confirm the jointly agreed upon sentencing recommendation.

## II. SENTENCING GUIDELINES CALCULATION

The government agrees with the calculations and recommendation set forth in PSR.  Count One and Count Two are grouped together pursuant to U.S.S.G. § 3D1.2(d).  Pursuant to U.S.S.G. § 3D1.3(b), the offense level applicable to the group will be the highest offense level of the two counts in the group. The highest offense level of the two counts in the group is the offense level applicable to Count Two (Money Laundering), which is calculated as follows:

<u>Count 1 - Wire Fraud</u>

| | | | |
|---|---|---|---|
| a. | Base Offense Level, U.S.S.G. § 2B1.1: | | 7 |
| b. | Loss more than $25,000,000 U.S.S.G. § 2B1.1(b)(1)(L): | | + 22 |
| c. | More than 10 victims, offense committed through mass marketing, U.S.S.G. § 2B1.1(b)(2)(A): | | +2 |
| d. | Wire Fraud Offense Level | | 31 |

<u>Count 2 - Money Laundering</u>

| | | | |
|---|---|---|---|
| a. | Base Offense Level, U.S.S.G. §§ 2S1.1(a)(1); 2B1.1: | | 31 |
| b. | Convicted under 18 U.S.C. § 1956 | | +2 |
| c. | Money Laundering Offense Level | | 33 |

<u>Grouping</u>

    a.    Group Offense Level (Count Two)      33

    b.    Acceptance of Responsibility:      - 3

    c.    Adjusted Offense Level:      30

The defendant has zero criminal history points, resulting in a Criminal History Category (CHC) of I.

### III. SENTENCING RECOMMENDATION

#### A. Applicable Law

Section 3553(a) directs the district court to consider a number of factors in determining an appropriate sentence. In this case, these factors indicate that a sentence of 42 months in custody would be sufficient, but not greater than necessary, to achieve the goals of sentencing. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The key factors are the nature and circumstances of the offense and the history and characteristics of the defendant, the need to afford adequate deterrence to criminal conduct, the need to protect the public from further crimes of the defendant, and the need to impose a just punishment. 18 U.S.C. § 3553(a).

#### B. Sentencing the Defendant to the Agreed Upon Sentence Would Vindicate the Interests Set Forth in 18 U.S.C. § 3553(a)

The parties have agreed upon a significant custodial sentence of 42 months to be followed by three years of supervised release. U.S. Probation supports the agreed-upon resolution. The jointly recommended sentence balances the defendant's egregious fraud with his almost immediate pre-indictment acceptance of responsibility and his substantial cooperation in identifying assets laundered overseas. The defendant has also agreed to pay full restitution, to be determined at a separate restitution hearing post-sentencing. All of which will save years of potential domestic and international litigation and is intended to accelerate recovery for the victims while at the same time providing just punishment by ensuring the defendant will remain incarcerated for years. The sentence jointly recommended by the parties and U.S. Probation is therefore reasonable and appropriate under the circumstances, and is sufficient, but not greater than necessary, to achieve the goals of sentencing.

//

## IV. CONCLUSION

In full consideration of the defendant's history and characteristics, together with the goals of sentencing, the government respectfully requests that the Court sentence the defendant to 42 months in prison. The government further recommends that this term in custody be followed by three years of supervised release, the expanded search condition set forth in the plea agreement, and a $200 special assessment. Finally, given the volume of claims, the government requests that a separate restitution hearing be set within 90 days of sentencing.

DATED:    July 18, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

/s/
SCOTT D. JOINER
Assistant United States Attorney