1  Edward W. Swanson, SBN 159859
   ed@smllp.law
2  SWANSON & McNAMARA LLP
3  300 Montgomery Street, Suite 1100
   San Francisco, California 94104
4  Telephone: (415) 477-3800
   Facsimile: (415) 477-9010
5

6
   Attorney for BRANDON FRERE
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12  UNITED STATES OF AMERICA,              CASE NO. 3:19-cr-00493-SI

13          Plaintiff,                     **STIPULATION AND [PROPOSED]
                                           ORDER TO CONTINUE RESTITUTION
14                                         HEARING FROM DECEMBER 18, 2020
       v.                                  TO FEBRUARY 12, 2021 AT 11:00 A.M.,
15                                         AND TO CONTINUE SELF-SURRENDER
16  BRANDON FRERE                          DATE FROM JANUARY 15, 2021 TO
                                           MARCH 26, 2021**
17          Defendant.

18

19                            STIPULATION

20       Defendant Brandon Frere, by and through his counsel, Edward W. Swanson, and the

21  United States, by and through Assistant United States Attorney Scott D. Joiner, hereby stipulate

22  and agree as follows:

23       1)      On July 24, 2020, the Court sentenced the defendant to 42 months imprisonment,

24  pursuant to a Rule 11(c)(1)(C) plea agreement.  In the plea agreement, the defendant also agreed

25  to pay full restitution to the victims of his crimes, and that the restitution amount would be set by

26  the Court at the time of sentencing or at a subsequent restitution hearing.  Dkt. 59, ¶ 10.

27

28

                                          1

**Stipulation and [Proposed] Order**
*United States v. Frere*

1    2)    At the conclusion of the sentencing hearing, the Court set October 16, 2020 as the

2    date for the restitution hearing.  The parties continued the restitution hearing to December 18,

3    2020 via stipulation.

4    3)    Following the sentencing hearing, the government has produced approximately

5    12,000 pages of Victim Impact Statements to the defense.  The government anticipates

6    producing another 500 statements in the coming weeks, along with spreadsheets and other data

7    the government has collected from third parties relevant to the issue of restitution.

8    4)    The parties do not anticipate being in a position to present their respective

9    positions on the issue of restitution until after the government has completed its production and

10   the defense has had sufficient time to review that production.  Based on the volume of materials

11   at issue and on the press of other business, the parties believe they will need more time to

12   complete this process than is currently allowed by the December 18, 2020 hearing date.

13   5)    Under *United States v. Dolan*, 560 U.S. 605, 611 (2010), this Court is not

14   prohibited from entering a restitution order after the 90-day period set forth in 18 U.S.C. §

15   3664(d)(5) so long as it enters an order within the 90-day period clarifying that it will order

16   restitution in this case, leaving open only the amount of restitution to be ordered.  *See also*

17   *United States v. Fu Sheng Kuo*, 620 F.3d 1158, 1163 (9th Cir. 2010) (accord).

18   6)    The parties hereby stipulate and agree that there should be a restitution order in

19   this case, and that all that is left to be determined is the amount of restitution and the amounts

20   attributable to each victim. The parties respectfully request that the Court so order.

21   7)    Accordingly, for the reasons set forth above, the parties jointly stipulate and agree

22   that the restitution hearing be continued until February 12, 2021 at 11:00 a.m. The parties will

23   attempt to resolve the restitution amount via stipulation in advance of that hearing, or otherwise

24   will submit briefs regarding their respective positions on appropriate restitution to the Court by

25   January 29, 2021.

26   8)    The defense also requests the Court continue Mr. Frere's self-surrender date to

27   reflect the new restitution-hearing date.  Defense counsel requires Mr. Frere's assistance

28   reviewing the materials produced by the government and will need Mr. Frere's consent to any

**Stipulation and ~~[Proposed]~~Order**
*United States v. Frere*

positions taken or agreements made regarding restitution.  As such, the defense respectfully

requests the Court issue an order continuing Mr. Frere's self-surrender date to March 26, 2021,

without prejudice to the defense making additional continuance requests if the COVID-19

pandemic so requires.  Continuing Mr. Frere's self-surrender date to March 26, 2021, will allow

Mr. Frere to fully participate in the restitution proceedings and allow him to remain available to

counsel should the Court require additional briefing or information following the February 12,

2020 hearing.  The government has no objection to this request.

**IT IS SO STIPULATED.**

DATED:          December 4, 2020               _____/s/_____
                                               SCOTT D. JOINER
                                               Assistant United States Attorney


                                               _____/s/_____
                                               EDWARD W. SWANSON
                                               Swanson & McNamara LLP
                                               Attorneys for BRANDON FRERE


### ~~[PROPOSED]~~ ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.  The Court finds that restitution

is mandated in this case and will be ordered, in an amount to be determined. The December 18,

2020 restitution hearing is continued to February 12, 2021 at 11:00 a.m.

IT IS FURTHER ORDERED that Mr. Frere's self-surrender date is continued from

January 15, 2021 to March 26, 2021.


DATED:  December 4, 2020               _____
                                       HON. SUSAN ILLSTON
                                       United States District Court Judge

Stipulation and [Proposed]Order
*United States v. Frere*